UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH L. HEAVNER, #517416** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1776** |
| **WARDEN HOOPER, ET AL.** | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Keith L. Heavner, a Louisiana state prisoner, filed this federal civil rights action against the warden and an assistant warden of the Louisiana State Penitentiary, the warden and an assistant warden of the Rayburn Correctional Center, and the Secretary of the Department of Public Safety and Corrections. In this lawsuit, plaintiff complains that his personal property was damaged during a prison transfer.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)     fails to state a claim on which relief may be granted; or
> (iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

> causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

In this lawsuit, plaintiff alleges that, as a result of the "disrespectful handling" of his property by security officials, his personal electronic tablet was broken and will no longer sync with the prison kiosk or hold a charge. He states that it will cost him $115.00 to replace the tablet. However, even if the Court assumes that plaintiff's electronic tablet was in fact damaged by security officials as he alleges, he cannot secure the desired compensation in this federal civil rights action for the following reasons.

First, even if plaintiff's claims were otherwise cognizable, he has not sued a proper defendant. As noted, in this lawsuit, plaintiff sued the warden and an assistant warden of the Louisiana State Penitentiary, the warden and an assistant warden of the Rayburn Correctional Center, and the Secretary of the Department of Public Safety and Corrections. Although he does not specify whether those defendants are named in their official capacities, individual capacities, or both, the claims against them fail.

If plaintiff is suing the named defendants in their official capacities, his claims fail because the defendants are officials or employees of the Department of Public Safety and Corrections, a Louisiana state agency. Such state officials or employees sued in their official capacities for monetary damages simply are not considered "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials

acting in their official capacities are 'persons' under § 1983."); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).  Additionally, because claims against state officials or employees in their official capacities for monetary damages are actually claims against the state itself, such claims are also barred in federal court by the Eleventh Amendment.  Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006) ("Given that [the defendants] are agents of the Louisiana Department of Public Safety and Corrections, [plaintiff's] monetary damages claim against them in their official capacities was properly dismissed under the Eleventh Amendment."); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

On the other hand, if plaintiff is suing the named defendants in their individual capacities, his claims fare no better.  Before a defendant can be held liable in his individual capacity, he must have been **personally involved** in the purported constitutional violation.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").  Here, there is no allegation that any of the named defendants personally damaged plaintiff's electronic tablet.

Rather, plaintiff appears to be alleging that some unknown security officer damaged the tablet.  However, even if that occurred, and even if that security officer was a subordinate of one or more of the named defendants, plaintiff faces an obstacle:  there is no vicarious liability under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not

4

answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). As a result, an individual-capacity claim against a supervisory official fails where, as here, there are no well-pled allegations of his personal involvement or some other form of causation to connect him to a violation purportedly committed by his subordinate. Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019) ("Because there is no vicarious liability for supervisors for the conduct of their subordinates, the claim against [the defendant] fails absent well-pled allegations of his personal involvement or some other form of causation to connect the supervisor to the violation."); accord Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement.").

Second, in any event, plaintiff's underlying claim would not be cognizable in federal court even if he had sued the particular security officer who allegedly damaged the tablet. As noted, 42 U.S.C. § 1983 affords a remedy only for violations of "rights, privileges, or immunities" secured by the Constitution and laws of the United States. In this action, however, plaintiff appears to be complaining about **accidental** damage to his tablet. At best, that would amount to nothing more than a state tort claim based in negligence and, as such, would not be actionable under § 1983. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Bennett v. Tanner, Civ. Action No. 10-3295, 2010 WL 5376115, at *4 (E.D. La. Nov.

18, 2010) (finding that accidental damage to prisoner's personal property was not actionable under § 1983), adopted, 2010 WL 5376378 (E.D. La. Dec. 21, 2010).[2]

Lastly, the Court notes that even if plaintiff's complaint is construed in part as asserting state law claims, those claims should be dismissed. When a plaintiff's federal claims are dismissed, it is appropriate for the federal court to decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."); Bennett, 2010 WL 5376115, at *4.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims, if any, be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[2] Moreover, even if plaintiff were contending that the security officer **intentionally** damaged the tablet, his claim still would not be actionable in federal court. In Hudson v. Palmer, 468 U.S. 517 (1984), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, intentionally deprives a prisoner of his property, there is no constitutional violation if the state provides an adequate post-deprivation remedy. Hudson therefore bar plaintiff's claim because Louisiana law clearly provides him with an adequate post-deprivation remedy: a tort suit brought in state court. See Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); see also Bennett v. Louisiana Department of Public Safety and Corrections, No. 02-30593, 2003 WL 1109690, at *1 (5th Cir. Feb. 19, 2003); Odom v. St. Tammany Parish S.O., Civ. Action No. 09-0109, 2009 WL 1147925, at *3 (E.D. La. Apr. 28, 2009).

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this 18th day of July, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**